Dear Mr. Brown:
This opinion is issued in response to your request concerning the following question:
 "Will a licensed nurse employed in Community Health Nursing violate 335.016(7) and (8) (c), RSMo Supp. 1976, if he/she carries out orders for home health care prescribed by an out-of-state physician?"
Section 335.016(7), RSMo Supp. 1976, defines "practical nursing" as follows:
 "`Practical nursing' is the performance for compensation of selected acts for the promotion of health and in the care of persons who are ill, injured, or experiencing alterations in normal health processes. Such performance requires substantial specialized skill, judgment and knowledge. All such nursing care shall be given under the direction of a person licensed in this state to prescribe medications and treatments or under the direction of a registered professional nurse;" (Emphasis added)
Section 335.016(8)(c), RSMo Supp. 1976, defines "professional nursing" in part as follows:
"`Professional nursing' . . .
* * *
 The administration of medications and treatments as prescribed by a person licensed in this state to prescribe such medications and treatments;" (Emphasis added)
Section 335.016(9), RSMo Supp. 1976, defines "registered nurse" as follows:
 "A `registered professional nurse' or `registered nurse' is one licensed under the provisions of sections 335.011 to 335.096 to engage in the practice of professional nursing."
These sections must be read in pari materia with Chapter 334, RSMo, relating to physicians and surgeons. As stated in ITTCanteen Corporation v. Spradling, 526 S.W.2d 11, 16 (Mo. 1975):
 "Generally, statutes on similar subject matters are regarded as in pari materia, and must be considered together even though enacted at different times and found in different places. [Citations omitted] And the Court should, if possible harmonize such statutes. . . ."
Section 334.150, RSMo, provides in part:
 "It is not intended by sections 334.010
to 334.140 to prohibit isolated or occasional gratuitous service to and treatment of the afflicted, and sections 334.010 to 334.140 shall not apply to physicians and surgeons commissioned as officers of the armed forces of the United States or of the public health services of the United States while in the performance of their official duties, nor to any licensed practitioner of medicine and surgery in a border state attending the sick in this state, if he does not maintain an office or appointed place to meet patients or receive calls within the limits of this state, and if he complies with the statutes of Missouri and the rules and regulations of the department of public health and welfare relating to the reports of births, deaths and contagious diseases; . . ."
It would be illogical to assume that the legislature intended to prohibit physicians in such Armed Forces, public health services, or physicians licensed in a border state who come within the provisions of Section 334.150, from utilizing the services of licensed practical nurses and of registered nurses in Missouri.
It is a longstanding rule that a statute will not be construed so as to be against reason. V.A.M.S., Construction of Statutes,
§ 1.020, Note 42.
We are therefore of the view that such physicians should be considered as licensed in Missouri for the purpose of interpreting the scope of such nurses' authority.
CONCLUSION
It is the opinion of this office that a physician who is located in a state bordering Missouri who meets the requirements of Section 334.150, RSMo, and is authorized to treat patients in Missouri may utilize the services of licensed practical nurses and registered nurses as provided in Section 335.016, RSMo Supp. 1976.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Michael Elbein.
Very truly yours,
 JOHN ASHCROFT Attorney General